IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.:   3:25cr74/TKW

ULYSSES ROBINSON, JR.
_____/

**GOVERNMENT'S MOTION FOR ENTRY OF
PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b), for the issuance of a Preliminary Order of Forfeiture in the above-styled criminal matter against the following property which was involved in or used in the offenses charged in the Indictment:

A.   Geisler Unknown Type Pistol CAL: 9 SN: None; and
B.   5 Rounds ASSORTED Ammunition CAL: 9.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

   A.   **Allegations Against the Defendant**

The defendant was charged in the Indictment, in relevant part, with interference with commerce by threat or violence, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One), with discharging a firearm during a violent crime, in

1

violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Two), and with possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Counts Three). Doc. 1. The forfeiture allegations notified the defendant that upon conviction of the violation alleged in the Indictment, the United States intended to pursue forfeiture of the firearm and ammunition under the provisions of 18 U.S.C. § 924(d)(1). Doc. 1.

### B.  Findings of Guilt

On August 13, 2025, the defendant pleaded guilty to Counts One, Two, and Three of the Indictment. Docs. 27, 28. In his plea agreement, the defendant admitted to a factual basis which establishes the conduct underlying the charge in the Indictment and provides support for the forfeiture of the assets described above. Doc. 28.

### C.  Admissions Related to Forfeiture

In his plea agreement, the defendant agreed to forfeit the firearm and ammunition at issue in this motion, and acknowledged that the assets were "utilized to commit all the offenses charged in the Indictment." Doc. 28.

## II.  Applicable Law

### A.  Forfeiture Statute

Criminal forfeiture in this case is authorized by 18 U.S.C. § 924(d)(1), which provides that, any firearm or ammunition involved in or used in a violation of section

922(g), or the violation of any criminal law of the United States, is subject to forfeiture.

### B. Court's Determination of Forfeiture

Rule 32.2(b)(1) requires that as soon as practical after a verdict or finding of guilt, or a plea of guilty is accepted, the court must determine what property is subject to forfeiture under the applicable statute. Where the government seeks forfeiture of specific property, the Court must determine whether the government has established the requisite nexus between the property and the offenses of conviction. Fed. R. Crim. P. 32.2(b)(1)(A).

The defendant's conviction on Counts One, Two and Three, and the facts contained in the Statement of Facts are sufficient to establish the nexus between the asset identified above and the offenses of conviction. Doc. 27.

## III. Conclusion

For the reasons stated above, the United States requests that, pursuant Rule 32.2(b)(2), Federal Rules of Criminal Procedure, the Court forfeit to the United States the assets identified above. As required by Rule 32.2(b)(4)(B), the United States requests that the Court include the forfeiture when orally pronouncing the sentence and include the forfeiture order, directly or by reference, in the judgment. *See* Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

Upon issuance of the Preliminary Order of Forfeiture, the United States will provide written notice to all third parties known to have an alleged legal interest in the property and will publish notice on the Internet at www.forfeiture.gov of its intent to forfeit the property. Determining whether a third party has any interest in the property must be deferred until a third-party files a claim in an ancillary proceeding under Rule 32.2(c).

The United States requests that the Court retain jurisdiction to address any third-party interest that may be asserted and to complete the forfeiture and disposition of the property.

        Respectfully submitted,

        JOHN P. HEEKIN
        United States Attorney

        */s/ Kaitlin Weiss*
        KAITLIN WEISS
        Assistant United States Attorney
        Florida Bar No.: 106130
        United States Attorney's Office
        Northern District of Florida
        111 North Adams Street, 4th Floor
        Tallahassee, FL 32301
        (850) 942-8430
        Kaitlin.Weiss@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that on September 16, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

                                                                /s/ *Kaitlin Weiss*
                                                                 KAITLIN WEISS
                                                                 Assistant United States Attorney